UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ernest Hollingsworth,
Petitioner,

vs.

Case No. 1:08cv745
(Spiegel, S.J.; Hogan, M.J.)

Warden, London Correctional
Institution,
Respondent.

# REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the London Correctional Institution in London, Ohio, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. This matter is before the Court on respondent's motion to dismiss and petitioner's response in opposition to the motion to dismiss. (Docs. 9, 15).

## Background

On March 19, 2004, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner and a co-defendant with one count of possession of marijuana in violation of Ohio Rev. Code § 2925.22(A) and one count of trafficking in marijuana in violation of Ohio Rev. Code § 2925.03(A)(2). (Doc. 9, Ex. 1).

Petitioner's trial counsel filed on petitioner's behalf a pretrial motion to suppress evidence and statements based on various arguments raised in the initial motion and supplemental pleadings. (*See id.*, Exs. 2-4). A hearing was held, and on December 20, 2004, the trial court issued findings of fact and conclusions of law overruling the suppression motions. (*Id.*, Ex. 6).

Apparently, a jury trial commenced on January 26, 2005. (*See id.*, Brief, p. 3). However, on January 28, 2005, petitioner waived his right to a jury trial and entered a plea of no contest. (*Id.*, Exs. 7-8). On January 28, 2005, petitioner was sentenced

to concurrent eight (8) year prison terms. (*Id.,* Ex. 9).

With the assistance of his trial counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District. In the appellate brief filed on May 12, 2005, petitioner asserted one assignment of error challenging the denial of his suppression motions because the evidence was improperly obtained "as a result of a dog's alert when that dog was improperly certified by the State of Ohio in violation of the Ohio Administrative Code." (*Id.,* Ex. 10). On October 12, 2005, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (*Id.,* Ex. 12). Apparently, petitioner did not attempt to appeal this decision to the Ohio Supreme Court. (*See id.,* Brief, p. 3).[1]

In the meantime, however, petitioner filed a *pro se* petition for post-conviction relief with the trial court. He claimed in the petition, which was filed on September 30, 2005,[2] that his trial counsel was ineffective in failing to raise certain arguments that would have resulted in the suppression of "all of the evidence in this case." (*Id.,* Ex. 15).

The trial court's docket records reflect that on May 15, 2006, new counsel was retained by petitioner. The attorney filed on the same date a "motion for time to revise and supplement defendant's pro se post-conviction petition," and on June 15, 2006, filed a supplemental petition for post-conviction relief on petitioner's behalf. (*Id.,* Exs. 17-18). The supplemental petition raised six claims of ineffectiveness by trial counsel based on (1) counsel's failure "to contest the seizure and examination of the rental agreement linking Petitioner to the van driven by [the co-defendant];" (2) counsel's failure "to contest the stop of Petitioner's vehicle on the basis that it was the product of unconstitutional racial profiling;" (3) counsel's failure "to contest the drug dog alert as grounds for search of Petitioner's vehicle on the basis that this dog was not properly trained and tested, despite being certified;" (4) counsel's failure "to

---

[1] It is noted that petitioner did file a *pro se* application for delayed reopening of the direct appeal with the Ohio Court of Appeals on April 20, 2006, claiming that his counsel's "conflict of interest and breakdown in communication effectively denied [him the] opportunity to raise issues regarding violation of Constitutionally protected rights." (Doc. 9, Ex. 38). The court denied the reopening application on June 26, 2006. (*Id.,* Ex. 40). Respondent states that petitioner did not pursue an appeal from this decision to the Ohio Supreme Court. (*Id.,* Brief, p. 7).

[2] On-line docket records pertaining to petitioner's criminal case, which are available to the public by way of the internet, reflect that the petition for post-conviction review initially was improperly filed in the direct appeal proceeding (Case No. C0500109) on August 29, 2005. An entry striking the petition was filed in that proceeding on September 9, 2005.

2

contest the drug dog alert as grounds for search of Petitioner's vehicle on the basis that this dog did not have a real-world record of reliability;" (5) counsel's failure "to contest the stop of Petitioner's vehicle through testimony from Petitioner and/or his co-defendant contesting the officer's account of the stop;" and (6) counsel's failure "to contest any alleged consent to search, or incriminatory statements by Petitioner." (*Id.*, Ex. 18). As a seventh "cause for relief," counsel also argued that "Ohio's post-conviction procedures do not provide an adequate corrective process." (*Id.*).

On September 27, 2006, the trial court denied post-conviction relief based on findings of fact and conclusions of law addressing and rejecting the seven claims raised by counsel in the supplemental post-conviction petition on the merits. (*Id.*, Ex. 23). Petitioner's counsel filed a timely appeal from this decision to the Ohio Court of Appeals, First Appellate District, raising two assignments of error challenging the denial of the post-conviction petition. (*Id.*, Ex. 24). On August 22, 2007, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment on the ground that the post-conviction petition was not timely filed and, therefore, "the common pleas court had no jurisdiction to entertain his petition." (*Id.*, Ex. 26). In so ruling, the court reasoned in relevant part:

> A postconviction petitioner who has taken a direct appeal from his conviction must file his petition within 180 days of the date on which the trial transcript was filed in the direct appeal. The transcript of the proceedings on [petitioner's] motion to suppress was filed in his appeal on March 3, 2005. [Petitioner] filed his postconviction petition on September 30, 2005. Thus, his petition was not timely filed.

(*Id.*, p. 2).[3]

Petitioner's counsel filed a timely appeal on petitioner's behalf to the Ohio Supreme Court. In the memorandum in support of jurisdiction, petitioner presented two propositions of law:

> 1. R.C. 2953.21(A)(2) does not require that a post-conviction petition be filed within 180 days of the filing of a partial transcript of proceedings by the court reporter when it is not accompanied by the transcript of the docket and journal entries, or by notice to the defendant

---

[3] Petitioner filed a motion for reconsideration of this decision, which was summarily denied by the Ohio Court of Appeals on September 18, 2007. (*See id.*, Exs. 27, 29).

3

that such a filing constitutes a filing of the "Trial Transcript."

2. If R.C. 2953.21(A)(2) requires that a post-conviction petition be filed within 180 days of the filing of a partial transcript of proceedings, due process dictates that defendant is entitled to equitable tolling of the time limits when the court provides no notice to the defendant of that date, and instead notifies him that the record "including transcript" was filed at a later date.

(*Id.,* Ex. 30).

On December 26, 2007, the Ohio Supreme Court accepted jurisdiction. (*Id.,* Ex. 32). The parties filed merit briefs, and the Ohio Public Defender's Office filed an amicus brief in support of the position that the 180-day period for filing a post-conviction petition under Ohio Rev. Code § 2953.21(A)(2) is triggered when the court clerk files "a complete transcript of all in-court proceedings, accompanied by the transcript of the trial-court docket, and all motions and journal entries, in the court of appeals or, in capital cases, the Ohio Supreme Court." (*Id.,* Exs. 33-35).

On April 30, 2008, after hearing oral argument on April 9, 2008, the Ohio Supreme Court *sua sponte* dismissed the appeal "as having been improvidently accepted." (*Id.,* Ex. 37). In a concurring opinion joined by two other justices, Chief Justice Moyer wrote:

> Appellant ... asks this court to hold that in the statutory mandate that a petition for postconviction relief "be filed no later than one hundred eighty days after the date on which the trial transcript is filed," ... the phrase "trial transcript" means "the record on appeal." The appellant's argument would be a reasonable request if it were not inconsistent with the plain words of R.C. 2953.21(A)(2), which expressly provides that the limitations period begins when the *trial transcript* is filed. I note that in the absence of a statutory definition of "trial transcript," even the appellee wants a definition that is not consistent with the statutory wording.
>
> I write separately, however, to note that there are strong policy arguments in favor of commencing the limitations period on the date that the record was filed. The record on appeal includes "[t]he original papers and exhibits thereto filed in the trial court, the transcript of

proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." App.R. 9(A). If an individual were planning to focus his petition for postconviction relief on matters that appear in the record but not in the trial transcript, he would benefit greatly from time to review the record. In the present case, however, we cannot hold that the limitations period begins when the record was filed, because we are restricted by the language of R.C. 2953.21(A)(2), which expressly provides that the limitations period begins on the date the trial transcript was filed.

I also write separately to note that if the appellant is correct that persons are given no notice of the filing of the trial transcript, that lack of notice may rise to the level of a due process violation.... The appellant himself does not advance a due process claim, nor would he be able to succeed on one, because he does not appear to have been adversely affected by the lack of notice: He filed his petition for postconviction relief within 180 days of the filing of the trial transcript, and his petition was untimely only because he filed it in the incorrect court and refiled in the correct court after the expiration of the limitations period. I nevertheless write to note my concern with the due process implications of a failure to provide notice of the filing of the trial transcript when that filing marks the commencement of the limitations period for filing a petition for postconviction relief. I urge the General Assembly to revisit R.C. 2953.21(A)(2) to avoid potential due process problems.

(*Id.*).

Petitioner's counsel in the state post-conviction proceeding and another attorney filed the instant federal habeas corpus petition on petitioner's behalf on October 22, 2008. (*See* Doc. 1). Petitioner asserts as the sole ground for relief that he was "denied his constitutional right to the effective assistance of trial counsel" based on his attorney's failure (1) "to contest the warrantless seizure of the only physical evidence that linked [petitioner] to the marihuana;" (2) "to contest the warrantless of seizure of [petitioner's] person as the product of racial discrimination;" (3) "to contest the warrantless search of [petitioner's] car on the basis that the drug-dog was not properly trained or tested, and lacked a real-world record of reliability; and (4) "to present [petitioner's] testimony regarding the circumstances of the seizure and his withholding of consent to search his papers and effects or to detain him." (*Id.*, p. 2).

5

In response to the petition, respondent has filed a motion to dismiss. (Doc. 9). Respondent contends that petitioner has waived his sole ground for habeas relief, which was first raised in his state post-conviction petition, due to his procedural default in failing to file a timely post-conviction petition. (*Id.,* p. 9). Respondent further argues that "[t]o the extent that [petitioner] might claim that any facet of his ineffective assistance of counsel claim was first raised in his Ohio App.R. 26(B) application to reopen his direct appeal, the claim is still procedurally defaulted, as he never appealed the denial of the App.R. 26(B) application to the Ohio Supreme Court." (*Id.,* p. 10).

Petitioner opposes the motion to dismiss. (Doc. 15). He essentially argues that "procedural default does not apply" here because of the Hamilton County Clerk of Court's failure to notify him of the March 3, 2005 filing of the suppression hearing transcript and the clerk's subsequent "misleading" notification on April 6, 2005 of the filing of the "transcript of the docket and journal entries," which "suggested that the trial transcript was filed that day." (*See id.*).

## OPINION

### Respondent's Motion To Dismiss Should Be Denied

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If a petitioner fails to fairly present his claims for habeas relief through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the claims' merits by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims

6

may be barred from review in a federal habeas proceeding due to the petitioner's procedural default. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had his claims for relief considered by the state's highest court and he can no longer present the claims to the state courts, he has waived such claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, it is undisputed that the ineffective assistance of trial counsel claim alleged in the instant petition was not raised as an assignment of error on direct appeal by petitioner's appellate counsel, who had also served as trial counsel. In addition, petitioner does not contest that claims raised by him in his *pro se* reopening application are procedurally defaulted because he did not pursue an appeal to the Ohio Supreme Court after the Ohio Court of Appeals denied the application.[4] Finally, it is undisputed that the claim was raised in petitioner's state post-conviction petition. Respondent concedes that a "post-conviction action was the proper form in which to raise this [ineffective assistance of trial counsel] claim since [petitioner's] trial counsel

---

[4]It is noted that even if petitioner had appealed to the Ohio Supreme Court in the reopening matter, he could not prevail on any claim that his appellate counsel was ineffective in failing to argue on direct appeal his own ineffectiveness at trial. *Cf. Van Hook v. Anderson,* 127 F.Supp.2d 899, 915 (S.D. Ohio 2001) ("Under Ohio law, a petitioner who is represented on direct appeal by the same attorney who represented him at trial has no obligation to raise on direct appeal any ineffective assistance of trial counsel claims.") (citing *State v. Cole,* 443 N.E.2d 169 (Ohio 1982)); *see also Jamison v. Collins,* 100 F.Supp.2d 521, 572 (S.D. Ohio 1998) (holding that the petitioner had established "cause" for his procedural default in failing to raise an ineffective assistance of trial counsel claim on direct appeal based on Fourth, Eighth and Tenth Circuit decisions recognizing that "having the same counsel on appeal as at trial creates a conflict in trying to raise ineffective assistance of counsel claims on direct appeal;" in so holding, the court reasoned: "It is simply unrealistic to expect an attorney to argue that he was constitutionally ineffective at trial 'with any degree of conviction or persuasiveness.'") (quoting *Holmes v. Norris,* 32 F.3d 1240, 1241 (8th Cir.), *cert. dismissed,* 513 U.S. 956 (1994)).

7

also respresented him on direct appeal." (Doc. 9, Brief, p. 9). It is respondent's position that the claim is defaulted because the post-conviction petition was determined by the state appellate courts to be procedurally barred from review in that it was not filed as required under Ohio Rev. Code § 2953.21(A)(2) within 180 days after the trial transcript was filed in petitioner's direct appeal. (*Id.*, pp. 9-10).

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if that judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris v. Reed,* 489 U.S. 255, 260-62 (1989). The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985).

Such a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris,* 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

In this case, the last state courts to review petitioner's ineffective assistance of trial counsel claim were the Ohio Court of Appeals and Ohio Supreme Court. The Ohio Court of Appeals clearly and expressly relied on a state procedural ground in affirming the denial of post-conviction relief based on petitioner's failure to file the petition within the 180-day period set by statute. Moreover, the Ohio Supreme

8

Court's unexplained *sua sponte* dismissal of petitioner's accepted appeal appears to have relied on the same procedural ground, particularly given that it was the issue that was argued by the parties on appeal to the Ohio Supreme Court and was the only issue addressed in the published concurring opinion by Chief Justice Moyer.

The state appellate courts' reliance on this state procedural ground was adequate to extent that, at that time, it was well-established by state statute that there was a 180-day limitations period governing the filing of post-conviction petitions, which commenced running on the date the trial transcript was filed in the direct appeal. However, it does not appear that there was a "firmly established and regularly followed" state practice definitively answering the unique question presented in this case, specifically, whether the triggering event for the 180-day limitations period was March 3, 2005, when the suppression hearing transcript was filed in petitioner's direct appeal, or April 6, 2005, when the complete "Transcript Of The Docket And Journal Entries" was filed in the direct appeal and the "notice of filing of record including transcript of proceedings" was sent to the prosecutor and defense counsel.

Indeed, given that the clerk of court did not send out the notice of the filing of the record "including transcript of proceedings" until the complete "Transcript Of The Docket And Journal Entries" was filed, it appears that at least prior to petitioner's case, the triggering event for the limitations period was generally assumed to be the date of filing of the "Transcript Of The Docket And Journal Entries." The trial court appears to have operated under this assumption as well, because it addressed petitioner's post-conviction petition claims on the merits without mentioning any concerns about the timeliness of the petition's filing because of the earlier filing of the suppression hearing transcript.

Moreover, the issue raised in this case was sufficiently unsettled to cause the Ohio Public Defender to get involved in the case by filing an amicus brief supporting petitioner's position, as well as to cause the Ohio Supreme Court to initially accept petitioner's appeal from the Ohio Court of Appeals' decision. Although the state supreme court ultimately dismissed the appeal after considering the parties' briefs and hearing oral argument, Chief Justice Moyer noted in his concurring opinion "the absence of a statutory definition of 'trial transcript'" and that both the State and petitioner wanted the court to adopt an unacceptable definition of the triggering event. (*See* Doc. 9, Ex. 37). Chief Justice Moyer continued by expressing his concerns about the "strong policy arguments in favor of commencing the limitations period on the date the [Transcript Of The Docket And Journal Entries] was filed" and "the due

9

process implications of a failure to provide notice of the filing of the trial transcript when that filing marks the commencement of the limitations period for filing a petition for postconviction relief." (*Id.*).

In light of these circumstances, it appears that petitioner's case involved an unusual set of circumstances falling outside the state courts' customary practice to the extent that the record was filed in the direct appeal in a piecemeal fashion, with the suppression hearing transcript filed over a month earlier than the rest of the record, which would have included the plea and sentencing hearing transcript. It also appears that the state courts had not firmly established when the limitations period under Ohio Rev. Code § 2953.21(A)(2) is triggered in such circumstances until petitioner's case arose. Therefore, the undersigned concludes that the state appellate courts' determination that the 180-day limitations period was triggered by the March 3, 2005 filing of the suppression hearing transcript, as opposed to the April 6, 2005 filing of the "Transcript Of Docket And Journal Entries," is not an "adequate" state ground that serves to bar review of the merits of petitioner's ineffective assistance of trial counsel claim.

Accordingly, in sum, because the state procedural ground that was relied on by the state appellate courts in affirming the denial of post-conviction relief was not a "firmly established and regularly followed" state practice at the time it was applied by those courts, petitioner's sole ground for habeas relief is subject to review on the merits.

**IT IS THEREFORE RECOMMENDED THAT:**

Respondent's motion to dismiss (Doc. 9) be DENIED.

Date: 8/5/09
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2009 habeas orders\08-745denyMTD-waiv.noAdeqStateGr-postconvict-TranscrFileDate.wpd

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Ernest Hollingsworth,
    Petitioner

vs                      Case No. 1:08cv745
                            (Spiegel, S.J.; Hogan, M.J.)

Warden, London Correctional
Institution,
    Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).