```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

ERNEST HOLLINGSWORTH,            :
                                 :    NO. 1:08-CV-00745
        Petitioner,              :
                                 :
   v.                            :    **OPINION AND ORDER**
                                 :
                                 :
DEB TIMMERMAN-COOPER,            :
                                 :
        Respondents.             :


This matter is before the Court on the Magistrate Judge's August 5, 2009 Report and Recommendation (doc. 16), Respondent's Objection (doc. 18), and Petitioner's Reply (doc. 22). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DENIES Respondent's Motion to Dismiss.

**I. Background**

On January 28, 2005, Petitioner entered a plea of no contest in the Hamilton County, Ohio, Court of Common Pleas to charges of possession of marijuana and drug trafficking (doc. 16). The Court sentenced Petitioner to concurrent eight year prison terms (Id.). Now an inmate in state custody at the London Correctional Institution in London, Ohio, Petitioner filed a petition for writ of habeas corpus alleging his trial counsel was ineffective in failing to raise certain arguments that would have resulted in the suppression of evidence (doc. 1). In response to

the Petition, Respondent filed a motion to dismiss, contending Petitioner has waived his sole ground for habeas relief, due to his procedural default in failing to file a timely post-conviction petition (doc. 9). Specifically, Respondent takes the position that Petitioner's claim is defaulted because the state appellate courts determined the post-conviction petition was procedurally barred from review in that it was not filed within 180 days after the filing of the trial transcript was filed in Petitioner's direct appeal (Id. citing Ohio Rev. Code § 2953.21(A)(2)). Petitioner opposes the motion to dismiss (doc. 15). Petitioner argues procedural default does not apply here because the state court failed to notify him of the March 3, 2005 filing of the suppression hearing transcript and because the clerk's subsequent notification on April 6, 2005 of the filing of the "Transcript of the Docket and Journal Entries," suggested the trial transcript was filed that day (doc. 15).

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge, after a thorough and complete review of the factual and procedural background of this matter, concluded that Defendant's motion to dismiss should be denied and Petitioner's sole ground for habeas relief should be subject to review on the merits (doc. 16). The Magistrate Judge found no question that the Ohio Court of Appeals relied on a state procedural ground in affirming the denial of post-conviction relief

2

based on Petitioner's failure to file the petition within the 180-day period set by statute (Id.). However, the Magistrate Judge also noted that habeas review is only precluded by a state law procedural bar where the state rule is "adequate," that is, it involves a "firmly established and regularly followed state practice" (Id. citing Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). In this case, the Magistrate Judge found the unique question presented is whether the triggering event for the 180-day limitations period was March 3, 2005, when the suppression hearing transcript was filed in Petitioner's direct appeal, or April 6, 2005, when the complete "Transcript of the Docket and Journal Entries" was filed in the direct appeal and the "notice of filing of record including transcript of proceedings" was sent to the prosecutor and defense counsel (Id.). The Magistrate Judge concluded there was no firmly established and regularly followed state practice answering such unique question (Id.). Indeed, the Magistrate Judge reasoned, the fact that the clerk of court did not send out notice of the filing of the record "including the transcript of proceedings" until the complete transcript of the docket and journal entries was filed, it appears the triggering event was assumed to be the date of the filing of the transcript of docket and journal entries (Id.). Such conclusion is also supported, reported the Magistrate Judge, by the fact that the trial court addressed Petitioner's post-conviction petition claims

on the merits without mentioning any concerns about the timeliness of the petition's filing because of the earlier filing of the suppression hearing transcript (Id.).  Finally, the Magistrate Judge noted the issue was sufficiently unsettled to cause the Ohio Public Defender to get involved in the case, and resulted in Ohio Supreme Court Chief Justice Moyer's observation that in the absence of a statutory definition of "trial transcript," both the state and the Petitioner wanted the court to adopt an unacceptable definition of the triggering event (Id.).  In light of these circumstances, the Magistrate Judge concluded that the state appellate courts' determination that the 180-day limitations period was triggered by the filing of the suppression hearing transcript is not an "adequate" state ground that serves to bar review of the merits of Petitioner's ineffective assistance of trial counsel claim (Id.).

**III.  Respondent's Objection**

Respondent objects to the Magistrate Judge's Report and Recommendation, arguing that there is no question under Ohio law that the 180-day statute of limitations begins upon the filing of the trial transcript in the direct appeal (doc. 18). Respondent contends that neither Petitioner, the Ohio Supreme Court, nor the Magistrate Judge point to any conflicting cases in Ohio suggesting there is any open question among the state courts about when the statutory deadline for post-conviction relief commences (Id.).  In Respondent's view the Magistrate Judge has misinterpreted the

opinion of the Supreme Court's concurring justices, along with the "meddling involvement of the Ohio Public Defender as amici," and elevated a merely philosophical discussion about what the law could be into evidence that there is a disagreement about what the law actually is (Id.).

**IV. Petitioner's Reply**

Petitioner replies that Respondent, without citing a case, and without addressing the ambiguities in the statute of limitation discussed by the Magistrate Judge and Ohio Chief Justice Moyer, argues the statute of limitations was clear enough to permit a procedural default (doc. 22). Petitioner contends the procedural bar does not apply when the procedural rule is unclear, and the statute here did not define "trial transcript" (Id.). In this case, Petitioner argues, no trial transcript was filed, but rather a pretrial motion to suppress transcript (Id.). For this reason, Petitioner contends, the Ohio Supreme Court weighed in to decide whether the term "trial transcript" included pretrial motion transcripts (Id.). Under such circumstances, Petitioner argues the Magistrate Judge's conclusion is correct that the Ohio law was too unclear to bar Petitioner from raising his claims (Id.).

In addition, Petitioner argues that cause and prejudice is an additional reason to overrule the state's objection (Id.). Although the Magistrate Judge did not address such issue, Petitioner contends the state failed to notify him that the

5

pretrial motion transcript was filed, thus causing him to miss the statute of limitations deadline (<u>Id</u>.). Moreover, Petitioner argues, the notice the state actually sent misled him because it said the "trial transcript" was filed on April 6, when only the pretrial motion transcript was filed on March 3 (<u>Id</u>.). Finally, Petitioner argues the state drafted the limitations statute and is responsible for its ambiguity (<u>Id</u>.).

**V. Analysis**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-taken in all respects. The Court finds the circumstances of this case demonstrate an ambiguity in what constituted the triggering event of the 180-day statute of limitations. The statute applicable to Petitioner did not define "trial transcript," and in any event, the transcript that triggered the statute of limitations was a pretrial suppression hearing transcript, not a trial transcript. This ambiguity, combined with the lack of a clear notice to Petitioner, compels the Court to reject the state's position in this matter. The interests of justice militate in favor of Petitioner's habeas claims being weighed on the merits as opposed to being dismissed on the basis of an ambiguous procedural rule.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 16), DENIES Respondent's Objections (doc. 18), and DENIES Respondent's Motion

to Dismiss (doc. 9).          SO ORDERED.


Dated: September 28, 2009     /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge