# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ERNEST HOLLINGSWORTH,

:

    Petitioner,                             Case No. 1:08-cv-745

                                   :                  District Judge S. Arthur Spiegel
   -vs-                                                Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

:

    Respondent.

---

**REPORT AND RECOMMENDATIONS**

---

This is a habeas corpus action brought under 28 U.S.C. § 2254. Petitioner is serving an eight-year sentence in Respondent's custody upon his conviction for possessing and trafficking in marijuana. He asserts that he received ineffective assistance of trial counsel in that his trial attorney:

> a. failed to contest the warrantless seizure of the only physical evidence that linked Hollingsworth to the marihuana;
>
> b. failed to contest the warrantless seizure of Hollingsworth's person as the product of racial discrimination;
>
> c. failed to contest the warrantless search of Hollingsworth's car on the basis that the drug-dog WBS not properly trained or tested, and lacked a real-world record of reliability; and
>
> d. failed to present Hollingsworth's testimony regarding the circumstances of his seizure and his withholding of consent to search his papers and effects or to detain him.

(Petition, Doc. No. 1, ¶ 12, PageID 2.)

Respondent moved to dismiss the Petition on the grounds that the ineffective assistance of

trial counsel claim was barred by Petitioner's failure to raise that claim in a timely petition for post-conviction relief under Ohio Revised Code § 2953.21 (Motion to Dismiss, Doc. No. 9). Magistrate Judge Hogan recommended the Motion be denied on the grounds that the procedural rule relied on by the First District Court of Appeals in dismissing the post-conviction petition was not firmly established and regularly followed (Report, Doc. No. 16). Judge Spiegel adopted that Report over Respondent's Objections (Doc. No. 24).

In the subsequent Return of Writ (Doc. No. 28), Respondent asserts that "[b]ecause Hollingsworth pleaded "no contest" to the charges against him, thereby admitting the factual basis for the charges, he has waived his ability to assert any error, constitutional or otherwise, that occurred in the criminal proceedings before the "no contest" plea." *Id.* at PageID 569. Respondent also reasserts the procedural bar and argues that the decision on the merits of the post-conviction petition by the trial judge is not contrary to, nor an objectively unreasonable application of, clearly established federal law.

In the Traverse, Petitioner asserts his no contest plea does not waive any of the claims made here, relies on the Court's prior decision on procedural default, and asserts the trial court's findings on the merits are not entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") (Traverse, Doc. No. 37).

## ANALYSIS

### Law of the Case

Respondent seeks reconsideration of the Court's prior procedural default ruling. While the law of the case doctrine is merely prudential at the trial court level, Respondent has presented no good cause for reconsideration. *See Arizona v. California*, 460 U.S. 605, 618 (1983), citing 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 643, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). In particular, Respondent cites no case law showing that the interpretation of Ohio Revised Code § 2953.21 relied on by the First District Court of Appeals has been routinely followed by Ohio courts.

The law of the case also disposes of Petitioner's request for an evidentiary hearing in his Traverse (PageID 616-618). Noting that the request did not satisfy the post-AEDPA standards for such a hearing, the Magistrate Judge denied it without prejudice to renewal on certain conditions (Order, Doc. No. 39, PageID 622). Petitioner neither appealed from that Order nor filed a new motion for evidentiary hearing within the time allowed by the Order. Thus he is barred from presenting evidence at a hearing in this Court.

### Waiver/Forfeiture of the Claims

As noted above, Respondent asserts that Petitioner, by pleading no contest, Petitioner has "waived any error, constitutional or otherwise, that occurred prior to his plea." (Return of Writ,

Doc. No. 28, PageID 575.)

A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy*, 394 U.S. at 466. The same result applies with a no contest plea. *North Carolina v. Alford*, 400 U.S. 25 (1970).

Petitioner argues, however, that this analysis has been rejected by the Sixth Circuit, citing *Dando v. Yukins*, 461 F. 3d 791 (6th Cir. 2006). In that case petitioner Debra Dando, on advice of counsel, pled no contest to a series of armed robberies. She had sought a court-appointed expert on Battered Woman's Syndrome to assist in the decision of whether she should move to withdraw her plea. Judge Martin wrote for the majority:

> The certificate of appealability from this Court defined Dando's claim as presenting two questions: (1) whether the sentencing court abused its discretion in denying Dando's motion for an expert witness, and (2) whether trial counsel was ineffective for failing to pursue a duress defense. Although the certificate of appealability framed the issues involved here as separate questions, they are inherently intertwined with one another. Dando did not seek the help of an expert before entering her no contest plea in state court. Rather, in a collateral state proceeding, she requested an expert to assist her in determining whether or not she should seek to withdraw her plea. The only relevant federal constitutional hook that would require allowing Dando to withdraw her plea is a claim that her counsel was ineffective in advising her to plead no contest under *Hill v. Lockhart*. 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (stating that

-4-

> when "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."). Thus, her request for a mental health expert to help her decide whether or not to withdraw her plea and her claim of ineffective assistance of counsel are one in the same. As presented in her federal habeas claim now before this Court, the issue can be articulated as follows: was it an unreasonable application of federal law to reject Dando's claim of ineffective assistance of counsel based on her trial counsel's failure to consult an expert and otherwise investigate the validity of a duress defense based on Battered Woman's Syndrome?

461 F.3d at 796.

In a footnote quoted by Petitioner (PageID 614), Judge Martin wrote on the precise issue before this Court:

> Additionally, the state argues that Dando waived her right to seek an expert and assert a defense by pleading guilty. This argument is not availing. Although a defendant might generally waive her right to put on a defense and seek an expert by pleading no contest, **where the plea is challenged** through an ineffective assistance of counsel claim, the availability of a defense and of an expert becomes relevant under *Hill* for determining whether or not the defendant suffered prejudice. See *Magana v. Hofbauer*, 263 F.3d 542, 551 (6th Cir. 2001). The application here of the waiver approach suggested by the state would instead render *Hill* a nullity.

*Id.* at 798, n. 1 (emphasis added).  Petitioner, paraphrasing *Dando*, argues his claims are "'effectively inseparable' from a *Hill* claim... ."  (Traverse, Doc. No. 37, PageID 614).  That is simply not so.  At issue in *Hill v. Lockhart*, 474 U.S. 52, 57 (1985), was whether a plea of guilty would be rendered involuntary if it was based on advice of counsel which constituted ineffective assistance; the Supreme Court held that the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), announced two terms earlier, were indeed applicable to negotiated plea cases.

But there is no *Hill v. Lockhart* claim made in this case.  Neither in the state courts nor in the

Petition here has Mr. Hollingsworth claimed his decision to plead no contest was based on constitutionally ineffective assistance of counsel. He has never sought to withdraw that plea. His papers in this habeas case, prepared by two experienced criminal defense attorneys, do not purport to demonstrate that the decision to plead no contest was based on advice which was constitutionally ineffective. Indeed, the whole strategy of the defense seems to have been to rely on the motion to suppress and preserve it for appeal, a strategy Petitioner does not now question and reinforces by asserting the motion to suppress should have been better. In the absence of any effort to withdraw or set aside the plea, *Dando*, which involved a *Hill v. Lockhart* claim, is inapposite.

Petitioner also argues that under Ohio law his no contest plea cannot be used against him in this habeas corpus proceeding because habeas is a civil proceeding. Petitioner relies on the recently-decided *Elevators Mutual Insurance Co. v. J. Patrick O'Flaherty's, Inc.*, 125 Ohio St. 3d 362, 928 N.E. 2d 685 (2010). In that insurance fraud case, the Ohio Supreme Court confirmed the long-standing principle of Ohio law, embodied in Ohio R. Crim. P. 11(B)(2) and Ohio R. Evid. 410(A) that a no contest plea in a criminal matter "shall not be used against the defendant in any subsequent civil or criminal proceeding."

Justice Lanzinger's opinion in *Elevators Mutual* recites the rationale of the Ohio no contest plea – obtaining criminal case finality:

> The purpose behind the inadmissibility of no contest pleas in subsequent proceedings is to encourage plea bargaining as a means of resolving criminal cases by removing any civil consequences of the plea. *Mapes*, 19 Ohio St.3d at 111, 19 OBR 318, 484 N.E.2d 140; *Rose v. Uniroyal Goodrich Tire Co.* (C.A.10, 2000), 219 F.3d 1216, 1220. The rule also protects the traditional characteristic of the no contest plea, which is to avoid the admission of guilt. Id. The prohibition against admitting evidence of no contest pleas was intended generally to apply to a civil suit by the victim of the crime against the defendant for injuries resulting from the criminal acts

-6-

> underlying the plea. *Allstate Ins. Co. v Simansky* (Conn.Super.1998), 45 Conn.Supp. 623, 628, 738 A.2d 231. The plain language of Evid.R. 410(A) prohibits admission of a no contest plea, and the prohibition must likewise apply to the resulting conviction. To find otherwise would thwart the underlying purpose of the rule and fail to preserve the essential nature of the no contest plea.

*Id.* at 365. That rationale was served by excluding the no contest plea and subsequent conviction in the *Elevators Mutual* case. But there is no indication the Ohio Supreme Court intended that interpretation to apply in collateral attacks on the very criminal judgment which results from a no contest plea. To do so would utterly eviscerate the utility of the no contest plea to bring finality to criminal proceedings. If Petitioner's interpretation were adopted, a person convicted on a no contest plea could file a post-conviction petition claiming, e.g., that there was no evidence admitted to prove him guilty. When the State responded with a transcript of his plea and the statement of facts on which the conviction was then based, he could respond, if Petitioner's interpretation were adopted, that the statement of facts was only presented as a consequence of his plea and thus the State's relying on the statement of facts in post-conviction uses his plea against him in a civil proceeding.[1] In sum, however broad the language in *Elevators Mutual*, applying it to collateral attacks on criminal convictions engendered by no contest pleas leads to absurd results and Petitioner points to no case law in which any Ohio court has made that application.

Because Petitioner pled no contest and has not challenged the voluntary, knowing, and intelligent character of that plea, he has waived or forfeited[2] any antecedent claims of

---

[1] Proceedings under Ohio Revised Code § 2953.21 are characterized as "civil" by the Ohio courts. See *State v. Apanovitch*, 107 Ohio App. 3d 82 667 N.E. 2d 1041 (Ohio App. 8th Dist. 1995).

[2] It is more accurate to characterize what happened here as a forfeiture of claims, rather than a waiver. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the

unconstitutionality.

Because the Court concludes that Petitioner has forfeited his claims of ineffective assistance of trial counsel by pleading no contest, it does not reach the merits.

**Conclusion**

The Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

October 12, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it

---

timely assertion of a right, waiver is the intentional relinquishment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993), see also *Freytag v. C.I.R.*, 501 U.S. 868, 895 (1991)(acknowledging that the Supreme Court has so often used the words interchangeably that it may be too late to introduce precision.)

as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).