# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ERNEST HOLLINGSWORTH,

:

    Petitioner,                                      Case No. 1:08-cv-745

                                             :                    District Judge S. Arthur Spiegel
   -vs-                                                       Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

:

    Respondent.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

       This habeas corpus case is before the Court on Petitioner's Objection (Doc. No. 42) to the Magistrate Judge's Report and Recommendations (Doc. No. 40) recommending that the Petition be dismissed with prejudice.  The Warden's time to respond to the Objection has expired and no response has been filed.  The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

       Petitioner asserts he received ineffective assistance of trial counsel in the litigation of his motion to suppress (Petition, Doc. No. 1, ¶ 12, PageID 2.)  Having lost on that motion, he pled no contest and thereby preserved his suppression issues for state court appeal.  He was, however, unsuccessful on that appeal and continues to serve an eight-year sentence for trafficking in marijuana.

**1.	Forfeiture by No Contest Plea**

Respondent argued that, by pleading no contest, Petitioner had waived any error in the proceedings before the plea (Return of Writ, Doc. No. 28, PageID 569).  The Report accepted that argument, citing *Menna v. New York,* 423 U.S. 61 (1975); *Tollett v. Henderson*, 411 U.S. 258 (1973); and *McMann v. Richardson*, 397 U.S. 759 (1970) (Report, Doc. No. 40, PageID 626).

In his Objection, Petitioner argues his ineffective assistance of trial counsel claim was not waived by his no contest plea. He relies on *United States v. Freed*, 688 F.2d 24 (1982), asserting the Sixth Circuit decided an ineffective assistance of counsel claim in that case on the merits.  Freed, an attorney, was denied appointed counsel in the district court and appealed, in part, based on that denial.  The Sixth Circuit affirmed, holding in pertinent part:

> Freed does not contend that his plea was not made voluntarily and intelligently. He does not argue that the advice he received from counsel was "not within the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 266, 36 L. Ed. 2d 235, 93 S. Ct. 1602 (1973), quoting *McMann v. Richardson*, 397 U.S. 759, 771, 25 L. Ed. 2d 763, 90 S. Ct. 1441 (1970). Appellant simply has not raised a claim which can be considered in an attack on a conviction resulting from a nolo contendere or guilty plea. See *Menna v. New York*, 423 U.S. 61, 62 n.2, 46 L. Ed. 2d 195, 96 S. Ct. 241 (1975).

688 F.2d at 26.  That is exactly the situation here: Petitioner is not claiming his plea of no contest was not made voluntarily or intelligently because of defective advice from his counsel.  That claim would be cognizable despite the plea because it would be seeking to undermine the plea.  But as the Report notes, "there is no *Hill v. Lockhart* claim made in this case." (Report, Doc. No. 40, PageID 627.)

Petitioner also argues that the Magistrate Judge's view, if correct, "would undercut the

Supreme Court's holding in *Kimmelman v. Morrison*, 477 U.S. 365 (1986) ... that ineffective-assistance claims for failing to investigate and litigate 4th Amendment issues are cognizable in habeas." (Objection, Doc. No. 42, PageID 638.) But *Kimmelman* is not a guilty or no contest plea case – it went to trial. Hence the question of waiver of pre-plea rights on which the Report turns did not occur in *Kimmelman*.

This portion of the Objection concludes "a holding like the instant one would force state defendants to try cases to preserve their federal remedies, resulting in unnecessary trials and waste of finite judicial resources." (Doc. No. 42, PageID 638.) But that is exactly the correct result. Ever since *Wainwright v. Sykes*, 433 U.S. 72 (1977), replaced the deliberate bypass rule of *Fay v. Noia*, 372 U.S. 391 (1963), the Supreme Court has emphasized that a state court trial is not to be treated as a "trial run" for the eventual real test of federal rights in habeas corpus. The whole body of law developed around the exhaustion and procedural default doctrines has been for the purpose of having federal rights in criminal cases litigated in the first instance in the state courts.

**2.      Use of a No Contest Plea in a Civil Proceeding**

Petitioner also asserted that his no contest plea could not be used against him in this proceeding because of the Ohio rule that a no contest plea cannot be used against a defendant in a subsequent civil proceeding, citing *Elevators Mutual Insurance Co. v. J. Patrick O'Flaherty's, Inc.*, 125 Ohio St. 3d 362, 928 N.E. 2d 685 (2010). The Report rejects this argument, holding

> [T]here is no indication the Ohio Supreme Court intended that interpretation to apply in collateral attacks on the very criminal judgment which results from a no contest plea. To do so would utterly eviscerate the utility of the no contest plea to bring finality to criminal proceedings. If Petitioner's interpretation were adopted, a person convicted on a no contest plea could file a post-conviction

> petition claiming, e.g., that there was no evidence admitted to prove him guilty. When the State responded with a transcript of his plea and the statement of facts on which the conviction was then based, he could respond, if Petitioner's interpretation were adopted, that the statement of facts was only presented as a consequence of his plea and thus the State's relying on the statement of facts in post-conviction uses his plea against him in a civil proceeding.

(Report, Doc. No. 40, PageID 629.)

The Objection chides the Magistrate Judge for preferring the policy behind the rule to its plain text. "The plain meaning of legislation should be conclusive, except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242 (1989). Adopting an interpretation of Ohio R. Crim. P. 11 and Ohio R. Evid. 410 which would prohibit the introduction of a no contest plea in a subsequent "civil" collateral attack on the criminal judgment itself would run directly counter to the purpose of the no contest plea – repeated by the Ohio Supreme Court in *Elevators Mutual* – to promote finality in criminal cases. It is true that habeas corpus cases are classified as "civil" for some purposes. But that is also true of Ohio post-conviction proceedings under Ohio Revised Code § 2953.21. It is unimaginable that the Ohio Supreme Court would read its rules as prohibiting introducing the no contest plea and resultant conviction in a case involving a collateral attack on the very criminal judgment resulting from the plea.

## Conclusion

For the foregoing reasons, it is again respectfully recommended that the Petition herein be dismissed with prejudice.

November 16, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).