**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

ERNEST HOLLINGSWORTH,

                                    :

    Petitioner,                         Case No. 1:08-cv-745

                                    :        District Judge S. Arthur Spiegel
   -vs-                                 Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

                                    :

    Respondent.

**REPORT AND RECOMMENDATIONS ON REQUEST FOR CERTIFICATION**

This habeas corpus case is before the Court on Petitioner's Objection (Doc. No. 45) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. No. 43).

Included within the Objection is a new request that this Court certify a controlling question of state law to the Ohio Supreme Court. That request is essentially a "dispositive" motion, since the Ohio Supreme Court will only accept a certification from a United States Magistrate Judge who is sitting with plenary consent under 28 U.S.C. § 636(c). Ohio S. Ct. Prac. R. 18.3.

The Magistrate Judge respectfully recommends this request be GRANTED and the District Court certify to the Ohio Supreme Court the following question of law: Do Ohio R. Crim. P. 11(B)(2) and Ohio R. Evid. 410(A)(2), which prohibit the use of a defendant's no contest plea against the defendant "in any subsequent civil ... proceeding" apply to prohibit the use of such a plea in a subsequent civil proceeding which is a collateral attack on the criminal judgment which results from the no contest plea, such as a petition for post-conviction relief under Ohio Revised Code §

2953.21 or a federal habeas corpus action under 28 U.S.C. § 2254?

As Petitioner notes, this is likely to be a frequently recurring question. Furthermore, broad language in recent Ohio Supreme Court case law[1], on which Petitioner relies, suggests an affirmative answer to the question, but the Magistrate Judge believes an affirmative answer would lead to absurd results in habeas and § 2953.21 cases. See Report and Recommendations, Doc. No. 40, PageID 628. Thus the Magistrate Judge believes the importance of the question would justify expending the scarce judicial resources of the Ohio Supreme Court on an answer. While the Magistrate Judge believes this Court can answer the question using ordinary rules of statutory interpretation, it would be much better to have a definitive answer from the Ohio Supreme Court.

November 23, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas*

---

[1] *Elevators Mutual Insurance Co. v. J. Patrick O'Flaherty's, Inc.*, 125 Ohio St. 3d 362, 928 N.E. 2d 685 (2010).

*v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).