UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERNEST HOLLINGSWORTH,

    Petitioner,

        v.

DEB TIMMERMAN-COOPER, Warden,

    Respondent.

NO. 1:08-CV-00745

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's October 12, 2010 Report and Recommendation (doc. 40), Petitioner's Objection to the Magistrate Judge's Report and Recommendation (doc. 42), the Magistrate Judge's Supplemental Report and Recommendation (doc. 43), Petitioner's Objection to the Supplemental Report and Recommendation (doc. 45), and Magistrate Judge's November 23, 2010 Report and Recommendation on Request for Certification (doc. 46). For the reasons set forth herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's November 23, 2010 Supplemental Report and Recommendation (doc. 43) and CERTIFIES the question herein to the Ohio Supreme Court.

**I. Background Information**

Petitioner brought a habeas corpus action under 28 U.S.C. § 2254, asserting that he received ineffective assistance of trial counsel (doc. 40). Respondent asserts that by pleading no contest

in the underlying criminal matter, Petitioner has "waived any error, consitutional or otherwise that occurred prior to his plea" (Id.). In his briefing, Petitioner is arguing that under Ohio law, his no contest plea cannot be used against him in a habeas corpus proceeding because it is a civil matter (doc. 42, citing Ohio Crim. R. 11(B)(2); Ohio Evid. R. 410).

The Magistrate Judge, in reviewing the theory that a no contest plea could not be used in a habeas proceeding found that there was no indication that the Ohio Supreme Court intended the broad language in recent Ohio Supreme Court case law to apply in collateral attacks on the very criminal judgment that results from a no contest plea (doc. 40, citing Elevators Mutual Insurance Co. v. J. Patrick O'Flaherty's, Inc., 125 Ohio St. 3d 362, 928 N.E.2d 685 (2010)(finding that Ohio Crim. R. 11(B)2, and Evid. R. 410(A) bar the use of a no contest plea "in any subsequent civil or criminal proceeding" and therefore such plea was inadmissible in an action for declaratory judgment for insurance coverage). The Magistrate Judge opined that to permit such an interpretation to apply in a habeas proceeding would utterly eviscerate the utility of the no contest plea to bring finality to criminal proceedings (Id.). However, as the language in Elevators Mutual Insurance Co. suggests that such interpretation could apply, the Magistrate Judge recommended the Court certify the question to the Ohio Supreme Court for a definitive answer (doc. 46).

2

## II. Certification

Under the Supreme Court of Ohio's Rules of Practice, a federal court may certify a question to the Ohio Supreme Court when there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of the Ohio Supreme Court. Ohio S.Ct. Prac. R. 18.1. Under such procedure, the court must issue an Order specifying the question of law to be answered and the circumstances from which the question arises. Ohio S.Ct. Prac. R. 18.2. The Clerk of the certifying Court must 1) serve copies of the certification order on all parties or their counsel of record, and 2) file with the Clerk of the Ohio Supreme Court the certification Order under seal of the certifying court. Ohio S. Ct. Prac. R. 18.3.

## III. Discussion

Having reviewed this matter, the Court finds the Magistrate Judge's recommendation for certification well-taken. Although the Court agrees that it would seem absurd to disallow the use of a no contest plea in a habeas proceeding, there is no controlling precedent in Ohio regarding Crim. R. 11(B) and Evid. R. 410(A)(2)'s application to federal habeas litigation. Clearly, Respondent intends to use Petitioner's plea against him. Because it appears that this state law issue will reoccur in habeas litigation, the Court finds it appropriate to certify the question to the Supreme Court of Ohio.

3

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation that it certify the following question to the Ohio Supreme Court:

> Do Ohio R. Crim. P. 11(B)(2) and Ohio R. Evid. 410(A)(2), which prohibit the use of a defendant's no contest plea against the defendant "in any subsequent civil ... proceeding" apply to prohibit the use of such a plea in a subsequent civil proceeding which is a collateral attack on the criminal judgment which results from the no contest plea, such as a petition for post-conviction relief under Ohio Revised Code § 2953.21, or a federal habeas corpus action under 28 U.S.C. § 2254?

The Court further HOLDS Petitioner's Petition in abeyance pending a response from the Ohio Supreme Court on such question, and DIRECTS the Clerk, in compliance with Ohio S. Ct. Prac. R. 18.3 to serve copies of this Order electronically on counsel of record consistent with standard practice, but also to file with the Clerk of the Ohio Supreme Court this Order, under seal of this Court.

Finally, in accordance with S.Ct. Prac. R. 18.2, the names, addresses, and telephone numbers of counsel for each party are as follows:

> For Petitioner, Ernest Hollingsworth:
>
> Christopher J. Pagan
> Repper, Pagan, Cook, Ltd.
> 1501 First Avenue
> Middletown, OH 45044
> (513) 424-1823
>
>
> For Respondent, Deb Timmerman-Cooper:
>
> M. Scott Criss, Corrections Litigation
> 150 E. Gay Street
> 16th Floor

4

```
       Columbus, OH 43215
       (614) 644-7233


       SO ORDERED.
```

Dated: 6/23/11

S. Arthur Spiegel
United States Senior District Judge